IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Brian W. Sturgeon, #316514, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 5:15-4784-HMH-KDW |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden, Perry Corr. Inst., | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Brian W. Sturgeon ("Sturgeon") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge West recommends granting Respondent's motion for summary judgment and denying Sturgeon's petition.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Sturgeon is currently incarcerated at the Perry Correctional Institution, a South Carolina Department of Corrections facility. Sturgeon is serving two state court sentences of thirty years' imprisonment for voluntary manslaughter and kidnapping, both running concurrently, and one state court sentence of fifteen years' imprisonment for assault and battery with intent to kill

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

("ABWIK"), running consecutively. (§ 2254 Petition 1, ECF No. 1.) His convictions were entered in the Court of General Sessions for Greenville County, South Carolina, on March 9, 2010. (Id. at 1, ECF No. 1.) Sturgeon appealed his conviction and the South Carolina Court of Appeals dismissed his appeal on December 2, 2011. (Id. at 2, ECF No. 1.) The remittitur was filed on December 20, 2011. (Return & Memorandum Ex. 6 (Remittitur), ECF No. 15-6.) On May 31, 2012, Sturgeon filed an application for Post-Conviction Relief ("PCR"). (Id. Ex. 1 (Appendix V.1: 221-227), ECF No. 15-1; id. Ex. 2 (Appendix V.2: 228-52), ECF No. 15-2.) A PCR hearing was held on June 18, 2014, and the PCR court denied Sturgeon's PCR application on August 1, 2014. (Id. Ex. 2 (Appendix V.2: 259-94), ECF No. 15-2.) On August 20, 2014, Sturgeon appealed the dismissal of his PCR application. (Id. Ex. 7 (Notice of Appeal), ECF No. 15-7.) On April 20, 2015, Sturgeon's counsel filed a Johnson petition for writ of certiorari, and on June 30, 2015, Sturgeon filed a pro se response. (Id. Ex. 8 (Johnson Petition), ECF No. 15-8; id. Ex. 9 (Pro Se Response), ECF No. 15-9.) The South Carolina Supreme Court denied certiorari on August 20, 2015, and issued a remittitur on September 9, 2015. (Return & Memorandum Ex. 10 (Sup. Ct. Order), ECF No. 15-10; id. Ex. 11 (Remittitur), ECF No. 15-11.)

Sturgeon filed his petition for writ of habeas corpus on November 28, 2015, alleging one claim of trial court error and four claims of ineffective assistance of counsel.[2] (§ 2254 Petition, generally, ECF No. 1; id. Ex. 2 (Envelope), ECF No. 1-2.) On March 8, 2016, Respondent filed a return and a motion for summary judgment. (Return & Memorandum, ECF No. 15; Def. Mot. Summ. J., ECF No. 16.) Sturgeon's response in opposition was received on April 19, 2016. (Pl.

---

[2] See Houston v. Lack, 487 U.S. 266, 271 (1988). The filing date for prisoners is the date of delivery to prison officials. The postmark on the petition is November 28, 2015.

2

Resp. Opp'n Def. Mot. Summ. J., ECF No. 23.)  Respondent replied on April 29, 2016.  (Def. Reply Supp. Mot. Summ. J., ECF No. 25.)  On July 11, 2016, Magistrate Judge West recommended granting Respondent's motion for summary judgment and denying Sturgeon's petition.  (Report & Recommendation, generally, ECF No. 26.)  Sturgeon timely filed objections on July 25, 2016.[3]  (Objections Ex. 1 (Envelope), ECF No. 28-1.)  Respondent replied to Sturgeon's objections on August 10, 2016.  (Def. Reply to Objections, ECF No. 30.)  This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987).

### B.  Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Sturgeon has "the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at

4

410).  "Thus, to grant [Sturgeon's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable."  McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C.  Ineffective Assistance of Counsel Standard

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Sturgeon must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  With respect to the second prong, Sturgeon must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### D.  Objections

Sturgeon filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  Upon review, the court finds that many of Sturgeon's objections are non-specific, unrelated to the dispositive

portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean several specific objections.

Under his first ground for relief, Sturgeon claims the trial court committed an error by failing to instruct the jury on an involuntary manslaughter charge. (§ 2254 Petition 5, ECF No. 1.) The magistrate judge found this claim was procedurally defaulted. (Report & Recommendation 19-23, ECF No. 26.) Sturgeon objects that this claim was not "purely a matter of state law," and should be "viewed through the lens of ineffective assistance of counsel." (Objections 3-4, ECF No. 28.) However, as the magistrate judge noted, South Carolina law dictates when a jury charge of voluntary manslaughter should be provided, and it is not the province of a federal court under habeas review to reexamine state court determinations of state law issues. State v. Gibson, 701 S.E.2d 766, 770 (S.C. Ct. App. 2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Further, Sturgeon has failed to provide any basis as to why this matter is not one purely of state law or even why such a charge should have been presented. Secondly, Sturgeon has also failed to cite any legal authority to support his argument that his claim should now be construed as one of ineffective assistance of counsel. The record reflects that Sturgeon's counsel was following Sturgeon's direction when his counsel stated during trial that: "[M]y client does not want me to request a potential lesser included manslaughter charge. He has told me that he prefers to go up or down on murder." (Return & Memorandum Ex. 1 (Appendix V.1: 176), ECF No. 15-1.) Thus, Sturgeon has failed to show either cause or prejudice, both of which are required in order to overcome procedural default. Based on the foregoing, Sturgeon's objection is without merit.

Under his second ground for relief, Sturgeon claims his counsel was ineffective in his opening statement for revealing prior bad acts that Sturgeon and a colleague, William T. Hembree ("Hembree"), had outstanding warrants against them and were fugitives. (§ 2254 Petition 7, ECF No. 1.) The magistrate judge found that the strategy of Sturgeon's counsel was reasonable in (1) pleading self-defense and (2) attempting to reduce the sting of Sturgeon's criminal history and challenging the motives and testimony of Hembree by mentioning the prior bad acts first. (Report & Recommendation 28-29, ECF No. 26.) Further, the magistrate judge found that Sturgeon failed to demonstrate any resulting prejudice, especially considering Sturgeon admitted his past crimes during his testimony and the prosecution presented overwhelming evidence of guilt. (Id., ECF No. 26.) Sturgeon objects that the magistrate judge did not consider this trial strategy argument as a "fabrication of tactical excuse[]," pursuant to Griffin v. Warden, Md. Corr. Adjustment Ctr., 970 F.2d 1355, 1359 (4th Cir. 1992) (citing Kimmelman v. Morrison, 477 U.S. 365, 386-87 (1986) (hindsight cannot be used to supply a reasonable reason for decision of counsel)). (Objections 5, ECF No. 28.) However, the record reflects that it was the strategy of Sturgeon's counsel from the beginning for Sturgeon to testify and to plead self-defense. (Return & Memorandum Ex. 2 (Appendix V.2: 280-81), ECF No. 15-2.) Thus, the magistrate judge did "evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. 668, 689 (1984). Further, Sturgeon has failed to offer any evidence that his counsel's strategy was a post-trial fabrication or excuse. In addition, Sturgeon cannot demonstrate any resulting prejudice, because he admitted his past crimes during his own testimony. (Return & Memorandum Ex. 1 (Appendix V.1: 141-42), ECF No. 15-1.) Thus,

Sturgeon has failed to establish his counsel's assistance was ineffective on this ground. Based on the foregoing, Sturgeon's objection is without merit.

Under his third ground for relief, Sturgeon claims his counsel was ineffective for failing to request concurrent sentences for all three of his convictions and that the prejudicial result is that Sturgeon "will lose his liberty for 45-years rather than 30-years." (§ 2254 Petition 8, ECF No. 1.) The magistrate judge found this claim was meritless, because the trial court's sentence was appropriate under South Carolina law, Sturgeon's counsel testified he did not know of any basis to object to Sturgeon's sentence, and Sturgeon failed to cite any legal authority to support his claim that his convictions should have been considered as one crime. (Report & Recommendation 30, ECF No. 26.) In his objections, Sturgeon again fails to cite any legal authority supporting his claim. However, Sturgeon suggests that there was a "reasonable probability that the court would have handed down a 30-year concurrent sentence, rather than the 45-year consecutive sentences handed down" had his counsel made an objection. (Objections 4, ECF No. 28.) Contrary to Sturgeon's conclusory allegation, there is no basis to argue the trial court would have reversed the ABWIK sentence from running consecutively to concurrently. Thus, Sturgeon has failed to establish his counsel's assistance was ineffective on this ground. Based on the foregoing, Sturgeon's objection is without merit.

Under his fourth ground for relief, Sturgeon claims his counsel was ineffective for failing to adequately impeach Hembree. (§ 2254 Petition 10, ECF No. 1.) Sturgeon objects that "the jury should have been informed of Hembree's propensity of previously lying to the police," and that the magistrate judge failed not only to consider this assertion, but also failed "to address or even consider [Sturgeon's] exhibits [of Hembree's lying]." (Objections 5-6, ECF No. 28.) First,

despite Sturgeon's reference to exhibits illustrating Hembree's propensity for lying, such exhibits have not been submitted to the court. Therefore, any objection based on the magistrate judge's failure to consider such exhibits is without merit, because Sturgeon failed to provide the exhibits. Secondly, even if the magistrate judge did not consider the exhibits, the magistrate judge considered Sturgeon's testimony regarding Hembree's lying to police. However, as the magistrate judge noted, Sturgeon's trial counsel impeached Hembree with inconsistencies in his statements and testimony, and also questioned Hembree on at least one lie he told police: why he told police that Sturgeon's name was "Brian Sorgee." (Report & Recommendation 32, ECF No. 26; Return & Memorandum Ex. 1 (Appendix V.1: 53-64), ECF No. 15-1.) Further, "[t]he fact that other methods for impeachment existed does not mean that [Sturgeon] received ineffective assistance of counsel," and any "suggestions of better ways to impeach the Government witnesses do not prove that [his counsel's] actual methods were below an objective standard of reasonableness." Yaitsky v. United States, No. 2:04-CR-1097-PMD, 2008 WL 3845446, at *17 (D.S.C. Aug. 18, 2008) (unpublished) (citing United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987) (recognizing that "decision[s] whether to engage in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature" and "generally will not support an ineffective assistance claim"). Thus, Sturgeon has failed to establish his counsel's assistance was ineffective on this ground. Based on the foregoing, Sturgeon's objection is without merit.

Under his fifth ground for relief, Sturgeon claims his counsel was ineffective for failing to obtain an expert witness to challenge the gunshot residue found on Hembree. (§ 2254 Petition 14, ECF No. 1.) The magistrate judge found that the PCR court did not unreasonably apply

federal law or unreasonably apply the facts in denying relief on this claim, because Sturgeon "failed to demonstrate how the results of Hembree's gunshot residue test would have had any impact upon his case." (Report & Recommendation 35, ECF No. 26.) Sturgeon objects to the magistrate judge's alleged finding that Sturgeon "is not entitled to federal habeas relief on this ground because this issue was insufficiently developed during the PCR hearing." (Objections 6, ECF No. 28.) Contrary to Sturgeon's allegation, the magistrate judge did not base her recommendation on any basis related to an underdevelopment of the factual record or legal issue during the PCR hearing. Instead, the magistrate judge found that Sturgeon failed to carry his burden of establishing ineffective assistance of counsel, in part because Sturgeon failed to demonstrate how the results of Hembree's gunshot residue test would have impacted the outcome of his case or how a failure to conduct such a test prejudiced him. Based on the foregoing, Sturgeon's objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge West's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 16, is granted and that Sturgeon's § 2254 petition, docket number 1, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Sturgeon has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 11, 2016

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.